UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHAEL A. GILMORE,**

　　　　　**Petitioner,**

　　**Case No. 1:22-cv-417**

　　**v.**

　　**JUDGE DOUGLAS R. COLE**
**WARDEN, LONDON**　　**Magistrate Judge Bowman**
**CORRECTIONAL INSTITUTION,**

　　　　　**Respondent.**

## ORDER

Before the Court is Magistrate Judge Bowman's August 8, 2023, Report and Recommendation (R&R, Doc. 10), which recommends that the Court grant Respondent's Motion to Dismiss (Doc. 8) and dismiss Petitioner Michael Gilmore's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) as time barred. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 10), **GRANTS** Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 8), and accordingly **DISMISSES** Gilmore's Petition (Doc. 1) **WITH PREJUDICE**.

To start, the R&R advised Gilmore that failing to object within 14 days could result in a forfeiture of his right to the Court's *de novo* review of the R&R as well as his right to appeal this decision. (Doc. 10, #160–61). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Gilmore needed

to object by August 22, 2023. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2254 habeas petition must be filed within one year of the date on which the judgment entering the prisoner's state conviction became final. *Jenkins v. Burgess*, No. 22-1451, 2022 WL 16985646, at *1 (6th Cir. Oct. 14, 2022). The Court agrees with the R&R that Gilmore's conviction and sentence became final once the time expired for him to seek the Supreme Court of Ohio's review of his direct appeal. (Doc. 10, #149–50 (quoting § 2244(d)(1)(A))). Notably, Gilmore does not argue—and the record does not show—that any of the alternate dates on which the statute of limitations might run applies to his conviction. *Winslow v. Brunsman*, 1:07-cv-898, 2009 WL 140045, at *2 (S.D. Ohio Jan. 14, 2009) (finding that the finality of the state court judgment governs the date the statute of limitations began running and noting that the habeas petitioner failed to argue that any alternate date applied).

2

Because the Ohio Court of Appeals entered its judgment in Gilmore's direct appeal on March 25, 2019, (State Ct. R., Doc. 7, #95), and given he had forty-five days to seek review in the Supreme Court of Ohio, Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i), he was required to file his notice of appeal by May 9, 2019, for it to be timely. (Gilmore instead filed a tardy notice of appeal some three years later, on May 13, 2022. (Doc. 7, #103–04).) As a result, the statute of limitations for his habeas petition began running on May 10, 2019, the day after his opportunity to seek review in the Supreme Court of Ohio expired. And the limitations period ended one year later, on May 11, 2020 (given the last day of the period ended on a weekend, Fed. R. Civ. P. 6(a)(1)(C)). Gilmore's filing of a habeas petition on July 19, 2022, is therefore untimely.* (Doc. 1).

Gilmore argues that he is entitled to equitable tolling of the statute of limitations. (Opp'n, Doc. 9, #143–44). But to merit equitable tolling, he must show that he has been diligent about pursuing his rights and that his filing was untimely because of "extraordinary circumstances" outside of his control. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Magistrate Judge did not clearly err in finding that Gilmore failed to demonstrate that he merits equitable tolling, as the record suggests he neither diligently pursued his rights nor faced extraordinary circumstances.

Gilmore delayed taking any action to contact his state court appellate counsel for nearly two years while his appeal was pending. (Doc. 7, #47 (direct appeal docketed June 6, 2018); Doc. 1, #15 (noting Gilmore first tried to contact his attorney in "early 2020")). And Gilmore waited nearly another two years after that to attempt

---

* And because Gilmore concedes that he filed no other challenges to his conviction or sentence, this period was not subject to any tolling by statute as outlined in § 2244(d)(2). (Doc. 1, #3).

3

to find the decision regarding his appeal through help from the prison's law library. (Doc. 9, #144 (noting Gilmore accessed the decision regarding his direct appeal "in January of 2022")). This timeline reveals a lack of diligence.

Turning to extraordinary circumstances, Gilmore raises two issues that he contends led to the delay here. First, he points to his appellate attorney's comment that the appeals process would take "nearly a year to 18 months." (Doc. 1, #15). Second, he says the COVID-19 pandemic caused his delay. (*Id.*; Doc. 9, #143). Take them in that order. As for Gilmore's appellate counsel's comment about how long his appeal might take, the Sixth Circuit has upheld the denial of equitable tolling in circumstances analogous to this. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) (finding that a prisoner's delay of three years to obtain a state court decision did not warrant equitable tolling even when the prisoner's attorney informed him that the appeals process "would take several years"). And, as to the latter, Gilmore fails to explain why the COVID-19 pandemic contributed to his delay (other than to make a conclusory assertion to that effect). Moreover, any such explanation, even if offered, could not justify Gilmore's lack of diligence in contacting his attorney or seeking out his appellate court decision for the year *before* the pandemic's outbreak. *Camelin v. Warden, Se. Corr. Inst.*, No. 2:21-cv-4070, 2022 WL 1442009, at *3 (S.D. Ohio May 6, 2022) (holding that the pandemic could not be used to toll the statute of limitations when the prisoner "had five months of his limitations period prior to the pandemic that were unaffected by COVID-19").

Because the Magistrate Judge did not clearly err in finding that neither Gilmore's attorney's comment nor the COVID-19 pandemic is an extraordinary circumstance that excuses Gilmore's delay, the Magistrate Judge likewise did not clearly err in finding Gilmore was not entitled to have the statute of limitations equitably tolled. Thus, the Court finds that there was no "clear error on the face" of the Magistrate Judge's R&R. Fed. R. Civ. P. 72(b) (advisory committee notes). And for similar reasons, because the procedural bar to Gilmore's petition is "plain," the Court finds that "jurists of reason would [not] find it debatable" that Gilmore's habeas petition is time barred, which means he is not entitled to a certificate of appealability under § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 10) and **GRANTS** Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 8). The Court thus **DISMISSES WITH PREJUDICE** Gilmore's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Court also **DENIES** Gilmore a certificate of appealability under 28 U.S.C. § 2253(c). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

     **SO ORDERED.**

September 14, 2023
**DATE**

       **DOUGLAS R. COLE**
       **UNITED STATES DISTRICT JUDGE**